Filed 6/17/25  P. v. Cortezrodriguez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>CARLOS DANIEL CORTEZRODRIGUEZ,<br><br>     Defendant and Appellant. | 2d Crim. No. B330882<br>(Super. Ct. No. 20F-07709)<br>(San Luis Obispo County) |

        Carlos Daniel Cortezrodriguez appeals the trial court's restitution order arguing the court relied upon the incorrect statute and improperly imposed statutory interest on the award. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

        Appellant drove his vehicle while under the influence of drugs, causing a collision that resulted in significant injuries to the driver of another vehicle.  The Grover Police Department responded to the collision.  In a second-amended felony

information appellant was charged with felony reckless driving causing specified injury, a violation of Vehicle Code section 23105, subdivision (a) (count 1); and driving under the influence of any drug causing injury in violation of section 23153, subdivision (f).  Count 1 also alleged a great bodily injury enhancement (Pen. Code, § 969f, subd. (a)).  Appellant pleaded no contest to count 2.  Count 1 was dismissed as part of the plea agreement.  He was sentenced to 180 days in the county jail and five years of probation.

The Grover Beach Police Department submitted a request for $619.70 restitution under Government Code section 53150 for its emergency response costs.[1]  Appellant stipulated to the amount.  The court signed a formal order for the requested amount and for statutory post-judgment interest.  The order does not state the statutory basis for the award and the trial court did not articulate the statutory basis for the award.  The minute order cited Penal Code section 1202.4.

Appellant contends the award to the police department is unauthorized because the minute order states the award was

---

[1] Government Code section 53150 states:  "Any person who is under the influence of an alcoholic beverage or any drug, or the combined influence of an alcoholic beverage and any drug, whose negligent operation of a motor vehicle caused by that influence proximately causes any incident resulting in an appropriate emergency response, and any person whose intentionally wrongful conduct proximately causes any incident resulting in an appropriate emergency response, is liable for the expense of an emergency response by a public agency to the incident."  Government Code section 53156 subdivision (a) provides the "'[e]xpense of an emergency response'" includes reasonable costs for "providing police, . . . rescue, and emergency medical services at the scene of the incident."

made pursuant to Penal Code section 1202.4 and because the formal order included statutory interest. He contends the order should have been made under Government Code section 53150 and Penal Code section 1203.1, subdivision (e)[2] which do not authorize statutory interest. We disagree.

DISCUSSION

Appellant was liable to the Police Department for its emergency response costs incurred as a result of the accident he caused while driving under the influence of drugs. (Gov. Code, §§ 53150, 53156; *California Highway Patrol v. Superior Court* (2006) 135 Cal.App.4th 488.) In granting probation, the court was required to consider whether, as a condition of probation, appellant shall make restitution to the police department for its costs incurred in responding to the accident. (Pen. Code, § 1203.1, subd.(e).) The court's restitution order became "fully enforceable as a civil judgment forthwith and in accordance with Section 1202.4 of the Penal Code." (*Id*., § 1203.1, subd. (a)(3).) Section 1202.4 authorizes "[i]nterest, at the rate of 10 percent per annum, that accrues as of the date of sentencing or loss, as determined by the court." (*Id*., § 1202.4, subd. (f)(3)(G).) Even if section 1202.4 subdivision (f)(3)(G) was inapplicable, a civil judgment is subject to statutory interest of 10 percent annually. (Code Civ. Proc. § 685.010, subd. (a)(1).) Finally, regardless of any explicit statutory authority, the trial court has broad

---

[2] Penal Code section 1203.1, subdivision (e) states: "The court shall also consider whether the defendant as a condition of probation shall make restitution to a public agency for the costs of an emergency response pursuant to Article 8 (commencing with Section 53150) of Chapter 1 of Part 1 of Division 2 of the Government Code."

discretion to impose reasonable terms and conditions of probation. (Pen. Code, § 1203.1, subd. (a); *People v. Tarris* (2009) 180 Cal.App.4th 612, 626.)  It is reasonable to require payment of interest on any unpaid restitution.  In so ordering, the trial court did not abuse its discretion.  (*People v. Giordano* (2007) 42 Cal.4th 644, 663 ["we review the trial court's restitution order for abuse of discretion"].)

DISPOSITION

Judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

YEGAN, Acting P. J.

BALTODANO, J.

4

Barry T. LaBarbera, Judge

Superior Court County of San Luis Obispo

_____

R. Chris Lim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steen D. Matthews, Supervising Deputy Attorney General, and Michael J. Wise, Deputy Attorney General, for Plaintiff and Respondent.